**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:07-cr-00005-10** |
| | ) | |
| **RONALD FUENTES-MAJANO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

The First Step Act of 2018 authorizes release of prisoners based upon "extraordinary and compelling reasons"; and when the § 3553(a) factors support release. United States v. Jones, 980 F.3d 1098, 1107–08 (6th Cir. 2020). Ronald Fuentes-Majano's Motion and Supplemental Motion for Compassionate Release under the First Step Act, (Doc. Nos. 1172, 1182), which the Government opposes, (Doc. No. 1192), is ripe for a decision. (Doc. No. 1172 at 13). His motions will be denied.

Fuentes-Majano's argument that his release is required due to the COVID-19 pandemic, is misplaced because he has received both the vaccine and booster. (Doc. No. 1192-2 at 34). Vaccination forecloses as a matter of law a finding of extraordinary and compelling reasons for compassionate release. United States v. McKinnie, 24 F.4th 583, 588 (6th Cir. 2022) (citing United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021)).

Fuentes-Majano also contends that his release is proper because his counsel was ineffective at the plea stage; the Government engaged in prosecutorial misconduct by offering new evidence at the sentencing hearing; and he is no longer a "violent offender" in light of United States v. Davis. (Doc. No. 1172 at 3–4). None of these arguments are properly before the Court because

1

each were raised in his prior 28 U.S.C. § 2255 petition, (Case No. 3:12-cv-01005, Doc. No. 27), each were addressed and rejected by the Court, (id., Doc. No. 46), and the Sixth Circuit denied a certificate of appealability. (Id., Doc. No. 60). Moreover, the Sixth Circuit has held that a motion for compassionate release is "not the proper vehicle" for arguments that were or could have been raised under 28 U.S.C. § 2255. United States v. Charles, 843 F.3d 1142, 1147 (6th Cir. 2016).

Neither do the applicable § 3553(a) factors warrant Fuentes-Majano's release. The violent and dangerous nature of Fuentes-Majano's offense of conviction undermines his request for compassionate release. Fuentes-Majano engaged in repeated, often violent conduct on behalf of the MS-13 gang, including: (1) killing rival gang member Alejandro Diaz by beating him in the head with a concrete block; (2) attempting to kill others believed to be rival gang members by shooting into both a home and a vehicle; (3) shooting at an individual who allegedly disrespected the MS-13 gang; and (4) shooting an individual believed to belong to a rival gang. In similar cases, courts have held inmates did not merit compassionate release. See United States v. Wright, 991 F.3d 717, 720 (6th Cir. 2021) (no compassionate release for prisoner who orchestrated a murder); United States v. Arana, No. 2:95-cr-80272-13, 2020 U.S. Dist. LEXIS 80394, at *10 (E.D. Mich. May 7, 2020) (same).

Due to the seriousness of his behavior, there is a strong need for the sentence imposed to reflect the seriousness of his offenses and to send a strong message for general and specific deterrence. 18 U.S.C. § 3553(a)(2). This is especially true given that Fuentes-Majano has yet to serve even 17 years of his life sentence. It also appears that Fuentes-Majano's respect for the law remains a challenge for him. He has had several disciplinary infractions while incarcerated, including at least three charges for possessing a dangerous weapon, assaulting an inmate, and phone abuse. (Doc. No. 1192-3). This does not support his request for release. United States v.

_Motton_, No. 20-1962, 2021 U.S. App. LEXIS 2868, at *5–6 (6th Cir. Feb. 2., 2021) (no compassionate release due, in part, to disciplinary infractions); _United States v. Allen_, No. 3:15-cr-00139, 2020 U.S. Dist. LEXIS 170925, at *20–21 (M.D. Tenn. Sept. 17, 2020) (compassionate release not justified because of BOP disciplinary infractions). The need to avoid unwarranted sentencing disparities also weighs against compassionate release. 18 U.S.C. § 3553(a)(6). Fuentes-Majano's guideline range provided for a custody term of 360 months to life, and the Court imposed a life sentence. (Doc. No. 1045 at 2). Reducing his sentence to less than half of the lower end of his guideline range risks creating an unwarranted disparity.

The Court acknowledges that Fuentes-Majano has tried to rehabilitate himself in prison. He has completed more than fifty education courses, earned his GED, become proficient in the English language, and "facilitated Alternative To Violence project seminars." (Doc. No. 1172 at 6–7). He has also "maintained strong family connections and community ties" and "plans to live with his mother, his wife, and daughter" upon release. (_Id._ at 7). These efforts, however, are outweighed by other § 3553(a) factors.

Accordingly, and for the foregoing reasons, Fuentes-Majano's Motions for Compassionate Release (Doc. Nos. 1172, 1182) are **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE